Lonnie FULTZ, Plaintiff,

v.

**B.A. MULLICAN LUMBER
& MANUFACTURING
CO., Defendant.**

No. Civ.A. 2:97CV00295.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

March 1, 2002.

Robert B. Hines, II, Montgomery & Hines, P.L.C., Jonesville, VA, for plaintiff.

Jill Morgan Harrison, Penn, Stuart, & Eskridge, Abingdon, VA, for defendant.

### *Memorandum Opinion*

GLEN M. WILLIAMS, Senior District Judge.

This action, involving alleged violations of the Age Discrimination in Employment Act, 29 U.S.C § 621 *et seq.,* comes before the court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Both parties have briefed their position on the motion and been heard at oral argument. Therefore, the motion is ripe for judgment.

### I. Factual Background

Plaintiff Lonnie Fultz (Fultz) alleges discrimination by B.A. Mullican Lumber & Manufacturing Company (Mullican) in violation of the Age Discrimination in Employment Act (ADEA). Fultz contends that this discrimination occurred between February 26 and February 27, 1997. Fultz filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on July 30, 1997. The EEOC issued a Notice of Determination to Fultz dated September 30, 1997, granting Fultz permission to file suit within ninety days from receipt of the notice. Thereafter, Fultz filed the instant action on December 29, 1997.

On April 26, 1999, Mullican filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 20.) This court issued a stay pending a decision by the Fourth Circuit clarifying the law as it relates administrative filing requirements. (Docket No. 24.) The Fourth Circuit Court of Appeals issued a decision in *Edelman v. Lynchburg College,* 228 F.3d 503 (4th Cir.2000), on October 2, 2000, and Mullican re-filed its Motion to Dismiss on June 11, 2001. This motion is now ripe for decision.

## II. Analysis

In order for a plaintiff to proceed with a suit for discrimination, Title VII requires that charges of discrimination "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). Mullican contends that Fultz did not meet the "oath of affirmation" requirement by failing to file a verified complaint. In so doing, Fultz failed to exhaust his administrative remedies or amend his complaint to remedy the lack of verification within the 300 day period during which a charge of discrimination must be filed. *See* 42 U.S.C. § 2000e–5(e)(1). Therefore, according to Mullican, this court lacks jurisdiction over the sub-. ject matter of the suit. Mullican cites *Edelman v. Lynchburg College*, 228 F.3d 503 (4th Cir.2000), in support of this position.

*Edelman* involved a charge of discrimination based on gender, national origin, and religion. Edelman sent a letter to the EEOC within the 300–day limitation period, but did not file a verified complaint until 313 days after the date of the alleged discrimination. Edelman relied on 29 C.F.R. § 1601.12(b), which states in relevant part that "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge.... Such amendments ... will relate back to the date the charge was first received."

The court found this provision to be in conflict with the intent of Congress. "Because a charge requires verification, see id. §§ 2000e–5(b), and because a charge must be filed within the limitations period, see id. §§ 2000e–5(e)(1), it follows that a charge must be verified within the limitations period." 228 F.3d at 508. Therefore, the court determined that Edelman's amended complaint could not relate back to the date of his original filing and af-firmed the district court's grant of dismissal for lack of subject matter jurisdiction.

Mullican urges this court to apply *Edelman* to the case at bar, stating that Fultz did not file a verified complaint and did not amend his complaint within the 300–day limitation period, thus rendering his complaint fatally defective. However, this court views the case at bar as distinguishable from *Edelman*. Edelman's complaint was by letter to the EEOC. It wasn't until 313 days after the last alleged instance of discrimination that Edelman attempted to cure the fault in his complaint. By contrast, Fultz filed his complaint in the form provided by the EEOC, in compliance with 42 U.S.C. § 2000e–5(b). Indeed, the form is designated "EEOC FORM 5." (Def.'s Ex. A.) Therefore, the primary issue is the meaning of the term "verified" and whether the complaint filed by Fultz qualifies as such.

The court need not search very far to resolve this issue. Congress has directly addressed the use of unsworn declarations under penalty of perjury in 28 U.S.C. § 1746, which reads in relevant part as follows:

§§ 1746. Unsworn declarations under penalty of perjury

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such

person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

.    .    .    .    .

■ (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

42 U.S.C. § 2000e–5 certainly qualifies as a "law of the United States." Therefore, read in conjunction with 28 U.S.C. § 1746, a discrimination charge must be made under oath or affirmation *or* under the penalty of perjury which satisfies the oath or affirmation requirement.

■ The EEOC has obviously read this law. It included the language prescribed in 28 U.S.C. § 1746(2) in its complaint form. *See* Def.'s Ex. A. Fultz complied with the statute by signing and dating the charge underneath the perjury language, again as prescribed. Therefore, this court finds that for the purposes of 42 U.S.C. § 2000e–5, Fultz has filed a valid charge of discrimination under oath or affirmation, thus giving this court jurisdiction over the subject matter of the charge.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.